UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, *et al.* | |
| | Case No. 1:12-cv-05803 (PKC) |
| Plaintiffs, -against- | Judge P. Kevin Castel Magistrate Judge Kevin N. Fox |
| CREDIT SUISSE FIRST BOSTON CORP., *et. al.*, | |
| Defendants. | |
| THE STATE OF ARIZONA, et. al., | |
| | Case No. 1:12-cv-05804 (PKC) |
| Plaintiffs, -against- | Judge P. Kevin Castel Magistrate Judge Kevin N. Fox |
| CREDIT SUISSE FIRST BOSTON CORP., *et. al.*, | |
| Defendants. | |
| CITY OF CHANDLER, et. al., | |
| | Case No. 1:12-cv-05805 (PKC) |
| Plaintiffs, -against- | Judge P. Kevin Castel| Magistrate Judge Kevin N. Fox |
| BANK ONE, N.A., *et. al.*, | |
| Defendants. | |

**THE ARIZONA NOTEHOLDER PLAINITFFS' MEMORANDUM IN RESPONSE TO
CREDIT SUISSE SECURITIES (USA) LLC'S SUBMISSTION IN
<u>RESPONSE TO THE COURT'S SEPTEMBER 20, 2012 SHOW CAUSE</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, *et al*. <br><br> Plaintiffs, <br> -against- <br><br> CREDIT SUISSE FIRST BOSTON CORP., *et. al*., <br><br> Defendants. | Case No. 1:12-cv-05803 (PKC) <br><br> Judge P. Kevin Castel <br> Magistrate Judge Kevin N. Fox |
| THE STATE OF ARIZONA, et. al., <br><br> Plaintiffs, <br> -against- <br><br> CREDIT SUISSE FIRST BOSTON CORP., *et. al*., <br><br> Defendants. | Case No. 1:12-cv-05804 (PKC) <br><br> Judge P. Kevin Castel <br> Magistrate Judge Kevin N. Fox |
| CITY OF CHANDLER, et. al., <br><br> Plaintiffs, <br> -against- <br><br> BANK ONE, N.A., *et. al*., <br><br> Defendants. | Case No. 1:12-cv-05805 (PKC) <br><br> Judge P. Kevin Castel\| <br> Magistrate Judge Kevin N. Fox |

**THE ARIZONA NOTEHOLDER PLAINITFFS' MEMORANDUM IN RESPONSE TO CREDIT SUISSE SECURITIES (USA) LLC'S SUBMISSTION IN RESPONSE TO THE COURT'S SEPTEMBER 20, 2012 SHOW CAUSE**

On September 20, 2012, the Court ordered the parties in the above-captioned matters to show cause as to why the three above captioned cases, arising out of the collapse of National Century Enterprises' ("NCFE"), should not be consolidated and proceed to trial. On September 28, 2012, Credit Suisse responded, agreeing that the three actions, as well as the two NCFE-

1

related New Jersey actions transferred on September 25, 2012, should be consolidated into one case for purposes of trial. The Arizona Noteholder Plaintiffs ("Plaintiffs") likewise agree that the five NCFE related cases pending before the Court should be consolidated for trial.

Credit Suisse, however, has taken the additional, and untenable, position in its response that a consolidated trial of the case would require severance of <u>all</u> defendants other than Credit Suisse, including NCFE founder and CEO Lance Poulsen. Despite devoting substantial discussion and argument to this severance issue in it response, Credit Suisse indicated that it was not formally requesting relief at this time but would instead submit these same severance arguments again in a formal motion at some later date. The Arizona Noteholder Plaintiffs are taking this opportunity to respond now to Credit Suisse's arguments and would respectfully urge that in light Credit Suisse's extensive arguments for severance here, this issue can be decided by the Court now on the current papers. As explained below, severance and separate trials are neither necessary nor justified by the facts or the law.

> I. **Plaintiffs Have Already Sought Dismissal of Their Claims Against All Other Defendants, Except Lance Poulsen**

Concurrently with the filing of this response, Plaintiffs have filed unopposed motions in each of the above captioned cases seeking to dismiss, without prejudice, their claims against defendants Donald Ayers, Rebecca Parrett, Barbara Poulsen, Kuld Corp., and E&D Investments, Inc. When these motions are granted, Lance Poulsen will be the only defendant, other than Credit Suisse, in the case.

> II. **Lance Poulsen's Appearance as Defendant Will Not Create the Difficulties Credit Suisse Predicts**

Credit Suisse's claims of jury confusion and inconvenience rest primarily on its concern about the ability of absent, incarcerated, *pro se* defendants to appear at trial and examine

witnesses. However, these concerns are simply not present in light of: (i) the pending dismissal of the other defendants; and (ii) the fact that Lance Poulsen is represented by counsel who will appear on behalf of Poulsen at trial and conduct his defense. Poulsen's counsel, John Haller, has already appeared in this matter,[1] and Plaintiffs' counsel has confirmed with Mr. Haller that he intends to attend the trial on behalf of his client. Thus, none of the difficulties that Credit Suisse predicts will occur.

### III.     Severing Lance Poulsen as a Defendant Would be Inefficient

The NCFE cases before the Court are fraud and conspiracy cases revolving around Lance Poulsen's criminal conduct and Credit Suisse's active participation and assistance in Poulsen's criminal scheme. The evidence that will be presented at trial will focus on the Ponzi scheme orchestrated by Lance Poulsen at NCFE for many years, and the ways in which Credit Suisse learned about, furthered, and helped in concealing this scheme. Regardless of whether Lance Poulsen is a defendant at the trial of this case, the jury will necessarily hear all of the same evidence that would be presented at a separate trial (were one to be convened) regarding his misconduct and the damages caused thereby.

Thus, a single trial would plainly be the most convenient way of disposing of the claims asserted against Lance Poulsen and Credit Suisse. Indeed, to sever Poulsen from trial would undermine the entire reason that the five NCFE related cases now before the Court were transferred to the Southern District of New York: to avoid multiple trials of related claims based on the same facts and circumstances.

"Separate trials remain the exception rather than the rule," *Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 245 (S.D.N.Y.1993); *In re Blech Secs.*

---

[1] *See, e.g.,* Order Granting *Pro Hac Vice* Admission of John Haller (Doc. 150 in No. 1:12-cv-05804, *State of Arizona, et al. v. Credit Suisse, et al.*).

*Litig.*, 2003 WL 1610775 (S.D.N.Y. 2003) (citing cases), and not one of the cases cited by Credit Suisse is either on point or merits the extraordinary relief of separate trials here. Credit Suisse first cites the *Lukowski*, *Deskovic* and *Amato* cases as support for severance of Poulsen to avoid confusion and prejudice,[2] but its reliance on these decisions is entirely misplaced. In *Lukowski*, severance of two defendants was granted because the court held that the claims against those defendants "arise from distinct incidents" and "the facts relating to [plaintiff's claims against them] are distinct from the claims of the remaining plaintiffs." *Lukowski v. County of Seneca*, 2009 W.L. 467075, at *16 (W.D.N.Y. 2009). Similarly, *Deskovic* granted severance because there was literally no common issue of either fact or law between the claims against one set of defendants and another single defendant the subject of the motion to sever. *Deskovic v. City of Peetskill*, 673 F. Supp. 2d 154, 169-70 (S.D.N.Y. 2009). Nothing could be further from the situation here. As noted above, there plainly exist overlapping issues of law and fact as Poulsen's conduct is inextricably intertwined with Credit Suisse's conduct, and the claims against Poulsen can hardly be deemed tangential or the subject of jury confusion. Nor is the *Amato* case any more compelling. There, the court found that severance was not an abuse of discretion because litigation of one issue first eliminated the need to litigate another issue. *Amato v. City of Saratoga Spring*, 170 F.3d 311, 316 (2d Cir. 1999). That is inapposite to the case here where nothing about severing Poulsen from the trial that will prevent the need for plaintiffs to litigate its claims against Credit Suisse or vice versa.

---

[2] Credit Suisse's suggestion that the Plaintiffs simply hope to include Poulsen at trial to prejudice Credit Suisse ignores the factual allegations underlying the claims against it. As a co-conspirator with Credit Suisse, there is no way for Credit Suisse to avoid its association with Poulsen when the Plaintiffs prosecute their claims against Credit Suisse at trial. Poulsen's appearance is not for prejudicial effect. He was part and parcel of the scheme to defraud and thus a central figure with Credit Suisse in the fraud. Further, as one court has noted, while there may be some prejudicial effect when dealing with the acts of co-conspirators, one must show that the prejudice is "undue." *See Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 245 (S.D.N.Y.1993). That is, that the prejudice would be any more than that which is normally experienced by a defendant who is found liable as part of a scheme to conspire. Credit Suisse cannot make this showing here.

Contrary to Credit Suisse's assertions, courts routinely deny severance or bifurcated trials when there are substantial overlapping questions of facts and law, and when claims against one set of defendants will require the testimony of the same witnesses and presentation of the same evidence as will be required in proving them against the other defendants. *See, e.g.*, *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400-01 (S.D.N.Y.1995) (denying severance when there was significant factual and legal overlap); *Monaghan*, 827 F. Supp. at 246 (denying severance, finding that "in light of the interconnectedness of the issues, there will be an inevitable overlap of witnesses and documentary evidence central to both liability and damages claims. This alone defeats the claim of judicial economy insofar as two separate juries would have to be empaneled to hear much of the same evidence."); *Gaffney v. Dep't of Info. Tech. & Telecomms.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y.2008) (denying bifurcation, finding that "because the testimony and documentary evidence that will form the bases of Plaintiffs' claims against the Individual Defendants substantially overlap and are inextricably related to Plaintiffs' §§ 1981 and 1983 claims, bifurcation is inappropriate."). Because such extensive overlap exists here, Poulsen should not be excluded from trial.

The Plaintiffs in the above captioned cases (as well as the plaintiffs in the MetLife and Lloyds New Jersey cases) have alleged an integrated scheme to defraud investors by both Poulsen and Credit Suisse. These two defendants worked hand in glove together as a part of a conspiracy to defraud NCFE noteholders, and they will be jointly and severally liable for each others' conduct if the noteholders prevail at trial. Credit Suisse's complaints of "jury confusion" and "inefficiencies" suggest that the claims against Poulsen are somehow tangential or remote from those asserted against Credit Suisse. Yet the very opposite is true. The same facts

underlying the scheme to defraud by Credit Suisse are inextricably linked with those of the scheme to defraud by Poulsen because they are co-conspirators in the same scheme.

  IV. **Severing Lance Poulsen Is Impossible in Light of Credit Suisse's Joint and Several Liability with Poulsen, and the Proportionate Responsibility Findings Credit Suisse Intends to Seek**

It is simply not possible for this case to proceed to trial without Lance Poulsen as a defendant because: (i) Plaintiffs seek to hold Credit Suisse and Lance Poulsen jointly and severally liable for the conspiracy to defraud that they jointly participated in and perpetrated on Plaintiffs; and (ii) the existence of prior settlements with other defendants, and a bar order entered in the MDL proceeding in the Southern District of Ohio regarding the method by which any judgment against Credit Suisse will be reduced to account for these settlements, require that a single jury allocate responsibility among all defendants, including Lance Poulsen.

Because Plaintiffs' claims against Credit Suisse are premised on the theory that it and Poulsen are co-conspirators and joint fraud-feasors, in the event that Plaintiffs prevail on their claims, Credit Suisse and Poulsen will be jointly and severally liability for the harms of both.[3] Thus, it is necessary for a single jury to assess their liability, and assess joint damages, in order for Plaintiffs to obtain the judgment to which they are entitled if both of the defendants are liable.

Moreover, Plaintiffs have previously settled claims against multiple former defendants, and a bar order entered in the MDL proceeding in the Southern District of Ohio provides that, with respect to settling defendants (of which there are several) Credit Suisse is entitled to a judgment reduction equal to the greater of: (i) the dollar amount of the settlements paid by the settling defendants, or (ii) the proportionate responsibility assigned to the settling defendants by the jury. *See* Ex. A. Thus, in the event that Credit Suisse is found liable, the jury in this case

---

[3] "[U]nder New York law, the liability of co-conspirators is joint and several. . . ." *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Arcturus Builders*, 159 A.D.2d 283, 284–85 (N.Y. 1990); *Am. Transit Ins. Co. v. Faison*, 242 A.D.2d 201, 201 661 N.Y.S.2d 624 (N.Y. 1997).

will be asked to allocate responsibility on a percentage basis among all of the defendants (Credit Suisse and Lance Poulsen) as well all of the settling defendants.  Although, Credit Suisse will not be liable for the percentage of responsibility assigned to the settling defendants, *it will be responsible for the percentage of responsibility assigned to Lance Poulsen* (under the joint as several liability law cited *supra*).

Thus, a single jury must assess the responsibility of all of the NCFE defendants, both settling and non-settling.  If Poulsen were severed from the trial of this case, and Credit Suisse were found liable, the jury would assign percentages of responsibility only to Credit Suisse and the settling defendants.  Such a result would severely prejudice Plaintiffs by permitting Credit Suisse to avoid its joint and several liability for the liability of Lance Poulsen, and to reduce the percentage of responsibility it is liable for under a judgment entered by this Court.

Credit Suisse should be prevented from using severance as a strategy to reduce any potential judgment against it.  Credit Suisse and Lance Poulsen are jointly and severally liable as co-conspirators in scheme to defraud investors. They belong in the same trial because the claims against both of these defendants concern the same underlying facts, witnesses, documents, and theories.

## CONCLUSION

For all the forgoing reasons, the Arizona Noteholder Plaintiffs respectfully oppose any effort to sever Lance Poulsen from the trial of this case.

Dated:  New York, New York
       November 12, 2012

|  |  |
|---|---|
|  | GIBBS & BRUNS LLP |
| By: | /s/ Robert J. Madden_____ |
|  | Kathy D. Patrick (*pro hac vice*) |
|  | Robert J. Madden (*pro hac vice*) |
|  | Jeffry J. Cotner (*pro hac vice*) |
|  | Scott A. Humphries (*pro hac vice*) |
|  | Aundrea K. Gulley (*pro hac vice*) |
|  | Sydney Ballesteros (*pro hac vice*) |
|  | Kate Kaufmann Shih |
|  | 1100 Louisiana, Suite 5300 |
|  | Houston, Texas 77002 |
|  | Phone: (713) 650-8805 |
|  |  |
|  | WARNER PARTNERS, P.C. |
|  | Kenneth E. Warner |
|  | 950 Third Avenue, 32nd Floor |
|  | New York, New York 10022 |
|  | Phone: (212) 593-8000 |

*Attorneys for the Arizona Noteholder Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing was served on all defendants, except Rebecca Parrett, Donald Ayers, and E&D Investments, Inc., by electronically delivery through the Court's ECF document filing system on this the 12th day of November, 2012. Defendants Rebecca Parrett, Donald Ayers, and E&D Investments, Inc., were served by first class mail at the following addresses:

| | |
|---|---|
| Donald H. Ayers, *pro se* | Rebecca S. Parrett, *pro se* |
| Reg. No: 34195-018 | Reg. No: 85489-008 |
| FCI Coleman Low | FCI Dublin |
| Federal Correctional Institution | Federal Correctional Institution |
| P.O. Box 1031 | 5701 8th Street – Camp Parks |
| Coleman, Florida 33521 | Dublin, California 94568 |

                    /s/ Robert Madden_____